IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STACY SAGE, individually and as
Personal Representative for the Estate of
Christian Sage,

        Plaintiff,

v.

ROBBEN SALYERS; TREAD
TRANSPORTATION SERVICES, INC.
a foreign corporation; FEDEX GROUND
PACKAGE SYSTEM, INC., a foreign
corporation,

        Defendants.

No. 3:24-cv-01077-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

## I.  INTRODUCTION

Plaintiff Stacy Sage, acting individually and as personal representative for the estate of Christian Sage, filed this action in state court, alleging negligence claims against Defendants Robben Salyers, Tread Transportation Services, Inc. ("Tread"), and FedEx Ground Package System, Inc. ("FedEx") (collectively, "Defendants"). Defendants removed the case to federal court and filed answers. Now, Plaintiff seeks leave to amend her pleadings to allege punitive damages claims ("Mot.", ECF 16). For the reasons explained below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion.

## II.  BACKGROUND

Plaintiff alleges that Defendants' negligent actions caused a motor vehicle accident that caused Christian Sage's ("Decedent Sage") death. Complaint ("Compl.", ECF 1) Ex. B, ¶¶ 5, 12-

1 – OPINION AND ORDER

13. According to Plaintiff, Defendant Salyers—acting as Defendants Tread's and FedEx's employee—drove through an intersection in his tractor-trailer truck after the traffic light turned red and collided with Decedent Sage who entered the intersection on a green light. Compl., ¶¶ 6-9. Defendants removed Plaintiff's claims to this Court on July 2, 2024. Notice of Removal (ECF 1). Each Defendant filed an Answer. *See* FedEx Answer (ECF 6); Tread Answer (ECF 7); Salyers Answer (ECF8). Plaintiff now seeks to amend her Complaint to allege punitive damages claims.

## III.  LEGAL STANDARD

Both parties cite Oregon Revised Statute ("Or. Rev. Stat.") § 31.725 as the relevant legal standard to evaluate Plaintiff's Motion. *See* Mot., at 4; Resp., at 7. According to Or. Rev. Stat. § 31.725,

> [a] pleading may not contain an award of punitive damages. At any time after the pleading is filed, a party may move the court to allow the party to amend the pleading to assert a claim for punitive damages. . . . The Court shall deny a motion to amend . . . if (a) [t]he court determines that the affidavits and supporting documentation . . . fail to set forth specific facts supported by admissible evidence adequate to avoid the granting of a motion for a directed verdict to the party opposing the motion. . . or (b) [t]he party opposing the motion establishes that the timing. . . prejudices the party's ability to defend[.]

While the procedure set forth in Or. Rev. Stat. § 31.725 would have been relevant had this case remained in state court, federal procedural law governs in federal court. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). As such, the Court relies on Federal Rule of Civil Procedure 15(a), not Or. Rev. Stat. § 31.725, as the relevant legal standard to decide whether to grant Plaintiff leave to amend her complaint.[1] *See Povey v. Castel & Cook Mortgage*, 2024 WL 3899467, at *1-2, 4-5 (D. Or. Aug. 22, 2024) (applying Fed. R. Civ. P. 15(a), not Or. Rev. Stat. § 31.725, to evaluate a

---

[1] The parties spend the bulk of their briefing disputing the admissibility of Plaintiff's evidence supporting her Motion. *See* Mot., at 5; Resp., at 7-9; Reply (ECF 20), at 2-3. Because Federal Rule of Civil Procedure 15(a) does not require plaintiffs to support a motion for leave to amend to assert punitive damages with admissible evidence, the Court will not consider the parties' admissibility arguments in ruling on this Motion. *See* Fed. R. Civ. P. 15(a).

2 – OPINION AND ORDER

plaintiff's motion for leave to amend to seek punitive damages); *see also McLean v. Pine Eagle Sch. Dist., No. 61*, 194 F. Supp. 3d 1102, 1127, n.12 (D. Or. 2016) ("[Or. Rev. Stat. § 31.725] does not apply in federal court, even in diversity cases.").

Federal Rules of Civil Procedure 15(a) permits a party to amend its pleadings after a response has been filed only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend, which is within the sound discretion of the trial court, shall be "freely give[n]… when justice so requires." *Id.* The Supreme Court has articulated factors to consider when determining whether to grant a motion for leave to amend: "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[n]ot all the factors merit equal weight." *Eminence Cap., LLC v. Aspen, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*. Because Defendants have already filed an Answer to Plaintiff's complaint and have not consented to Plaintiff's requested amendment, Plaintiff can only amend her complaint with the Court's leave. The Court will therefore consider whether the *Foman* factors favor granting Plaintiff's Motion.

### IV.  DISCUSSION

#### A. Punitive Damages Against Defendant Salyers

Plaintiff first argues that the Court should grant her leave to amend her complaint to assert punitive damages against Defendant Salyers because a reasonable jury could find by clear and convincing evidence that he "consciously disregarded a substantial and unjustifiable risk" to the health and safety of others. Mot., 6–7. Defendants respond that leave should be denied because

Plaintiff's proposed punitive damages claim against Defendant Salyers is futile. Resp., at 7. Although the parties do not discuss four of the five *Foman* factors, the Court finds that these factors—undue delay, bad faith, failure to cure deficiencies by amendments previously allowed, and undue prejudice—weigh in favor of granting Plaintiff' Motion. As such, the Court will only consider whether futility justifies denying Plaintiff's Motion.

"[L]eave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997)). The standard for futility is the same as that used to determine the sufficiency of a pleading challenged under Federal Rule of Civil Procedure 12(b)(6), *Robillard v. Opal Labs, Inc.*, 337 F. Supp. 3d 962, 969 (D. Or. 2018), that is, the claim must be plausible on its face. *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Entitlement to punitive damages in Oregon[2] requires a plaintiff to prove by "clear and convincing evidence that the party against whom punitive damages are sought has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety, and welfare of others." Or. Rev. Stat. § 31.730. Plaintiff seeks to allege that Defendant Salyers demonstrated a reckless and outrageous indifference to a highly unreasonable risk of harm by consciously choosing to run a red light, despite being aware of the dangers associated with motor vehicle accidents. *See* Amended Complaint ("Amend. Compl." ECF 16) Ex. 3, ¶¶ 29-40. The Court cannot, at the pleadings stage,

---

[2] While federal procedural law governs in federal court, the Court must apply state substantive law in diversity cases. *Hanna*, 380 U.S. at 465. Because this is a diversity case that was removed from Oregon state court, Oregon law governs the standard for an award of punitive damages. *See Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 428-429 (1996) (noting the right to recover damages is a substantive right).

4 – OPINION AND ORDER

find as a matter of law that "no set of facts can be proved under [Plaintiff's amendment] that would constitute a valid and sufficient [punitive damages] claim." *Barahona*, 881 F.3d at 1134 (quoting *Sweaney*, 119 F.3d at 1393); *see, e.g. Moutal v. Excel*, 2022 WL 3031580, *1 (9th Cir. Aug. 1, 2022) (applying Oregon law to affirm the imposition of punitive damages on a defendant who engaged in unsafe driving behaviors while driving a semi-truck); *see also Burkhart ex rel. Burkhart v. L.M. Becker & Co. Corp.,* 2004 WL 1920196, at *2 (D. Or. Aug. 26, 2004) ("The federal rules permit a plaintiff to pray for punitive damages in the complaint and then seek discovery on defendant's conduct . . . ."). Accordingly, the Court finds that Plaintiff's proposed punitive damages claim against Defendant Salyers is not futile and GRANTS Plaintiff's Motion with respect to this proposed claim.

### B. Punitive Damages Against Defendants Tread and FedEx

Plaintiff also seeks leave to amend her complaint later to assert punitive damages against Defendants Tread and FedEx "if it is confirmed that Mr. Salyers was lying under oath." *Id*. at 7. According to Local Rule ("LR") 15-1, parties seeking leave to amend must attach to their motion a proposed amended pleading and show how it differs from the operative pleading. LR 15-1(b). Here, Plaintiff's proposed amended complaint attached to her motion does not include allegations against Defendants Tread and FedEx for punitive damages because, at this time, Plaintiff does not have a good faith factual basis to include such allegations. *See* Mot., at 8; Fed. R. Civ. P. 11(b)(3) (requiring attorneys to certify that all pleadings presented to the court "to the best of [their] knowledge, information, and belief . . . have evidentiary support"). Because Plaintiff's proposed amended complaint does not contain allegations against Defendants Tread and FedEx, the Court finds her request for leave to assert these claims premature. The Court therefore DENIES Plaintiff's Motion to amend her pleadings to assert punitive damages against Defendants Tread

and FedEx. Plaintiff can seek the Court's leave to assert these claims later if she develops a good-faith factual basis to do so.

## V. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion. The Court grants Plaintiff leave to amend her complaint to assert punitive damages against Defendant Salyers and denies with leave to renew Plaintiff leave to assert punitive damages against Defendants Tread and FedEx.

IT IS SO ORDERED.

DATED this 27th day of January, 2025.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

6 – OPINION AND ORDER